UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL PHILLIP BUTLER,<br><br>    Movant,<br><br>  -vs-<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No.   2:12-CR-0127-WFN-1<br><br>ORDER ON § 2255 MOTION |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate Sentence in Light of *Johnson v. United States,* 135 S. Ct. 2551 (2015), ECF No. 56, and the Government's Motion to Vacate Hearing and Hold Petitioner's Motion in Abeyance, ECF No. 57.

### BACKGROUND

Mr. Butler was indicted on November 20, 2012 for felon in possession of a firearm. He pled guilty to an Information Superseding Indictment on March 4, 2013. In his Plea Agreement he waived the right to appeal the conviction and sentence if the Court imposed a prison term within or below the sentencing guideline range. He further expressly waived his right to file any post-conviction motion attacking his conviction and sentencing, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel. ECF No. 39. He was sentenced to 57 months incarceration, a downward variance from the guideline range. ECF No. 48.

### DISCUSSION

The statute provides that only if the Motion, file and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255(b). The Rules regarding Section 2255 Proceedings similarly state that the Court may summarily

ORDER - 1

order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

To gain relief, Defendant must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Defendant has made a showing on each of the three prongs; the Court cannot say that the motion is incredible or patently frivolous.

## STATUTE OF LIMITATIONS

The statute establishes a one year period of limitation for filing a § 2255 motion which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (West 2013). The Motion is untimely unless 1) facts exist that would extend the one year period of limitation or 2) extraordinary circumstances exist which require equitable tolling of the period of limitation.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. The Court **RESERVES RULING** on Defendant's Motion to Vacate Sentence in Light of *Johnson v. United States,* 135 S. Ct. 2551(2015), **ECF No. 56**.

2. The Government's Motion to Vacate Hearing and Hold Petitioner's Motion in Abeyance, filed May 16, 2016, **ECF No. 57**, is **DENIED**.

3. The United States shall answer Movant's § 2255 Motion by **May 27, 2016**. The contents of the answer shall conform to the requirements of Rule 5(b) of the Rules-Section 2255 Proceedings.

4. Defendant shall serve and file a reply to United States answer, if any, **no later than June 3, 2016**.

5. The hearing on Defendant's Motion to Vacate Sentence in Light of *Johnson v. United States,* 135 S. Ct. 2551 (2015) set for **June 7, 2016, at 11:00 a.m., in Spokane**, Washington, is **CONFIRMED**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 19th day of May, 2016.

05-18-16

                                       s/ Wm. Fremming Nielsen
                                       WM. FREMMING NIELSEN
                    SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3